PER CURIAM.
Plaintiff was injured while a passenger in a vehicle which collided with an uninsured automobile. She sought coverage under a policy issued to her father by Government Employees Insurance Co. (GEICO). The trial court found that the policy was ambiguous in its definition of insured and determined that it was the intent of the plaintiffs parents to have her as an additional insured on their policy. We reverse.
The definition of insured under the policy was:
(a) “Insured” means:
(1) the named insured as stated in the policy ... and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either .... [emphasis supplied]
We hold that the plain meaning of the word “schedule” would include any supplemental statement appended to the insurance contract which would have provided the names of additional insureds. Finding none, we conclude that the plaintiff was not an insured under the policy definition.
Even if we had agreed with the trial court that the policy was ambiguous so that we could take into consideration the intent of the parties, our result would be the same. The plaintiffs mother clearly testified that she intended her daughter to be covered while driving a family car. At the time of the accident, the plaintiff was in a friend’s car.
Reversed and remanded for entry of judgment in favor of the defendant.